(No. 3190— )

HARRY GRUBER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 24, 1941.*

LEO L. HOFFMAN, for claimant.

GEORGE F. BARRETT, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

Complaint charges that on August 17, 1937 claimant was the owner of a certain automobile which was being driven in an easterly direction along a certain public highway in the city of Chicago, and that a National Guard Military vehicle loaned to the respondent, State of Illinois, by the Federal Government, was then and there being driven in a northerly direction by one Joseph Gerling, driver of the Government vehicle. That claimant was operating his car with due care and caution and the State by its agents, servants and employes unlawfully, negligently, carelessly and improperly managed and propelled the military vehicle so that it struck the car driven by claimant, with damage to the claimant of $26.75.

The Attorney General has made a motion to dismiss for the reason that the complaint does not set forth a claim which the State of Illinois, as a sovereign commonwealth, should discharge and pay, for the reason that claimant seeks an award predicated upon liability of the State for damages to claimant's motor vehicle alleged to have been caused and sustained by the negligent, unlawful, careless and improper operation of a motor truck by officers or members of the Illinois National Guard.

This court and the Supreme Court of Illinois have repeatedly held that the State in the organization, maintenance and operation of the Illinois National Guard, is engaged in a governmental function and is, therefore, not liable for personal injuries or property damage, occasioned by the negligence or wrongful conduct of officers or members of the Illinois National Guard, or officers, employes, servants or agents of the State charged with the organization, maintenance, operation or training of said National Guard.

See *Petersen* vs. *State*, 8 C. C. R. 9.

The motion of the Attorney General will, therefore, be sustained and an award denied.